[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought a complaint alleging an action to recover debt, breach of contract, tortious interference with contract, and quantum meruit. (Amended Complaint.) Volimer claims that the defendants, Darien Asphalt Paving, Inc. (Darien); International Fidelity Insurance Company; and the Town of Newtown (Newtown), wrongfully denied them payment under a service contract dated February 7, 1997. Newtown moves to strike Voilmer's amended complaint, dated May 27, 1999, on the grounds that Voilmer fails to allege the requisite elements of a tortious interference claim and that a subcontractor may not maintain a cause of action for quantum meruit against an owner. CT Page 16580
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270 (1998). In ruling on a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , 240 Conn. 576, 580 (1997).
Newtown first argues that count three of Volimer's amended complaint, alleging tortious interference with a contract, fails to state a claim upon which relief can be granted. Our Appellate Court, in Rumbin v. Baez, 52 Conn. App. 487, 492 (1999), held that the essential elements of a tortious interference with a contract are "the existence of a contractual or beneficial relationship and that the defendant(s), knowing of that relationship, intentionally sought to interfere with it; and, as a result, the plaintiff claimed to have suffered actual loss." (Internal quotation marks omitted.) Rumbin v. Baez, supra, quoting Solomon v. Aberman, 196 Conn. 359, 364 (1985). "[F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously." (Internal quotation marks omitted.)Appleton v. Board of Education, 53 Conn. App. 252, 267 (1999), quoting Solomon v. Aberman, supra, 364-65.
Vollmer's amended complaint states that Newtown "interfered with the contractual performance of the Plaintiff . . . by forcing, inducing, requiring, or commanding Darien Asphalt Paving, Inc. to terminate the Plaintiff. . . ." (Amended Complaint, Count Three, ¶ 6.) These allegations alone are insufficient to support an action for tortious interference with a contract.
Newtown next argues that count four of the Vollmer's amended complaint, alleging quantum meruit, is insufficient to support a claim upon which relief can be granted. Our Appellate Court held that "[q]uantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties, and that, therefore, the CT Page 16581 plaintiff is entitled to the reasonable value of services rendered. . . . Such contracts are determined from evidence of the parties' course of conduct which implies a promise to pay for the services rendered. The pleadings must allege facts to support the theory that the defendant, by knowingly accepting the services of the plaintiff and representing to her that she would be compensated in the future, impliedly promised to pay her for the services she rendered." (Citation omitted.) Burns v.Koellmer, 11 Conn. App. 375, 383-84 (1987).
Voilmer's amended complaint in count four does not allege that Newtown made an implied or express promise to pay the Vollmer for the services Vollmer rendered under its contract with Darien. (Amended Complaint, Count Four.) Taking the complaint in the light most favorable to Vollmer, this court finds insufficient evidence to support a claim for quantum meruit.
Newtown's motion to strike count three and four is, accordingly, granted.
Moraghan, J.